| **Fill in this information to identify the case:** |
|---|

United States Bankruptcy Court for the:

                              Eastern District of Virginia
                                    (State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Nordic Aviation Capital Inc.** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | **Jetscape, Inc.** |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | **65-1057490** |
|---|---|---|

**4.   Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **401 East Las Olas Boulevard** | **550 Andrews Avenue, Suite 300** |
| Number          Street | Number          Street |
| **Suite 1700** | P.O. Box |
| | |
| **Fort Lauderdale**      **Florida**      **33301** | **Fort Lauderdale**      **Florida**      **33301** |
| City                    State    Zip Code | City                    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Broward** | Number          Street |
| County | |
| | City                    State    Zip Code |

| 5. | Debtor's website (URL) | **https://www.nac.dk** |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    **Nordic Aviation Capital Inc.**    Case number *(if known)* _____
          Name

---

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5324 - Commercial and Industrial Machinery and Equipment Rental and Leasing**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                          MM/DD/YYYY

         District _____  When _____  Case number _____
                                          MM/DD/YYYY

---

Debtor    **Nordic Aviation Capital Inc.**
    Name

Case number *(if known)*

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. Debtor   **See Rider 1**     Relationship   **Affiliate**<br><br>       District   **Eastern District of Virginia**<br><br>       When   **12/17/2021 12/19/2021**<br><br>       Case number, if known    **See Rider 1**     MM / DD / YYYY |

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br><br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>    What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**<br><br>_____<br>Number      Street<br><br>_____<br>City      State      Zip Code<br><br>**Is the property insured?**<br><br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| | |
|---|---|
| **14. Estimated number of creditors**[1] | ☐ 1-49      ☒ 1,000-5,000      ☐ 25,001-50,000<br>☐ 50-99      ☐ 5,001-10,000      ☐ 50,001-100,000<br>☐ 100-199      ☐ 10,001-25,000      ☐ More than 100,000<br>☐ 200-999 |

---

[1]   The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

Debtor  **Nordic Aviation Capital Inc.**_____  Case number *(if known)* _____
　　　　　Name

| 15. Estimated assets | | | | | |
|---|---|---|---|---|---|
| ☐ $0–$50,000 | | ☐ $1,000,001–$10 million | | ☐ $500,000,001–$1 billion | |
| ☐ $50,001–$100,000 | | ☐ $10,000,001–$50 million | | ☒ $1,000,000,001–$10 billion | |
| ☐ $100,001–$500,000 | | ☐ $50,000,001–$100 million | | ☐ $10,000,000,001–$50 billion | |
| ☐ $500,001–$1 million | | ☐ $100,000,001–$500 million | | ☐ More than $50 billion | |

| 16. Estimated liabilities | | | | | |
|---|---|---|---|---|---|
| ☐ $0–$50,000 | | ☐ $1,000,001–$10 million | | ☐ $500,000,001–$1 billion | |
| ☐ $50,001–$100,000 | | ☐ $10,000,001–$50 million | | ☒ $1,000,000,001–$10 billion | |
| ☐ $100,001–$500,000 | | ☐ $50,000,001–$100 million | | ☐ $10,000,000,001–$50 billion | |
| ☐ $500,001–$1 million | | ☐ $100,000,001–$500 million | | ☐ More than $50 billion | |

**Request for Relief, Declaration, and Signatures**

**WARNING --**　Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on　　**12/19/2021**_____
　　　　　　　　　MM/ DD / YYYY

✗　_/s/ Justin Bickle_____　　　**Justin Bickle**_____
　　Signature of authorized representative of debtor　　Printed name

Title　**Authorized Signatory**_____

**18. Signature of attorney**

✗　_/s/ Michael A. Condyles_____　Date　**12/19/2021**_____
　　Signature of attorney for debtor　　　　　　　　MM/DD/YYYY

**Michael A. Condyles**_____
Printed name

**Kutak Rock LLP**_____
Firm name

**901 East Byrd Street, Suite 1000**_____
Number　　　　　　Street

**Richmond**_____　**VA**_____　**23219**_____
City　　　　　　　　　　　　　　　　　　　　　State　　　ZIP Code

**(804) 343-5227**_____　**Michael.Condyles@KutakRock.com**
Contact phone　　　　　　　　　　　　　　　Email address

**27807**_____　**VA**_____
Bar number　　　　　　　　　　　　　　　　　State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case</strong>:</td></tr>
</table>

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

Eastern District of Virginia
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

<u>**Rider 1**</u>
<u>**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**</u>

On December 17, 2021, the Debtor's affiliate, Nordic Aviation Capital Pte. Ltd. and three affiliated entities listed below filed petitions in the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Court</u>") for relief under chapter 11 of title 11 of the United States Code.  The Debtors' cases are currently pending before the Court under Case Nos. 21-33688, 21-33689, 21-33690, and 21-33691.

| | |
| --- | --- |
| Nordic Aviation Capital Pte. Ltd. | Case No. 21-33688 |
| NAC Aviation 17 Limited | Case No. 21-33689 |
| NAC Aviation 20 Limited | Case No. 21-33690 |
| Nordic Aviation Capital A/S | Case No. 21-33691 |

On the date hereof, each of the entities listed below (together with Nordic Aviation Capital Pte. Ltd., NAC Aviation 17 Limited, NAC Aviation 20 Limited, and Nordic Aviation Capital A/S, collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Eastern District of Virginia for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these chapter 11 cases under the case number assigned to the chapter 11 case of Nordic Aviation Capital Designated Activity Company.

| | |
| --- | --- |
| Nordic Aviation Capital Designated Activity Company | NAC Aviation 8 Limited |
| ALC ATR 426 1012, LLC | NAC Aviation Canada Inc. |
| ALC ATR 426 1018, LLC | NAC Aviation Colorado 1 LLC |
| ALC ATR 726 1086, LLC | NAC Aviation Colorado 2 LLC |
| ALC ATR 726 1103, LLC | NAC Aviation Cyprus 1 Limited |
| ALC ATR 726 1112, LLC | NAC Aviation Cyprus 2 Limited |
| Aldus Portfolio B Limited | NAC Aviation Cyprus 3 Limited |
| Aldus Portfolio Leasing Limited | NAC Aviation France 1 SAS |
| Argos Aviation Malta Limited | NAC Aviation France 5 SAS |
| Eagle I Limited | NAC Aviation France 6 SAS |
| Enclave Aviation Sweden AB | NAC Aviation France 7 SAS |
| Fortuna Aviation Designated Activity Company | NAC Aviation UK 1 Limited |
| Fortuna Aviation Holding Limited | NAC Aviation UK 2 Limited |
| Freyja Aviation Four Ireland Limited | NAC Aviation UK 3 Limited |
| Freyja Aviation One Ireland Designated Activity Company | NAC Aviation US LLC |
| Freyja Aviation One Malta Limited | NAC Services China Co., Ltd. |
| Freyja Aviation Three Ireland Limited | NAC Services France SAS |
| Freyja Aviation Two Ireland Limited | NAC Services Malta Limited |
| JAG VIII LLC | NAC Services UK Limited |
| Jetscape Aviation Group, LLC | NK Aviation Limited |
| Jetscape Aviation Group Ltd. | NK Leasing Limited |

| | |
|---|---|
| Jetscape Commercial Jets Limited | Nordic Aviation Capital Inc. |
| Jetscape, Inc. | Nordic Aviation Contractor (Ireland) Limited |
| Magni Aviation One Sweden AB | Nordic Aviation Financing ApS |
| Merlano Limited | Nordic Aviation Financing One Pte. Ltd. |
| Minerva Aviation Malta Limited | Nordic Aviation Leasing Eight Pte. Ltd. |
| NAC Aviation 10 Limited | Nordic Aviation Leasing Eighteen Pte. Ltd. |
| NAC Aviation 11 Limited | Nordic Aviation Leasing Eleven Pte. Ltd. |
| NAC Aviation 12 Limited | Nordic Aviation Leasing Fifteen Pte. Ltd. |
| NAC Aviation 14 Limited | Nordic Aviation Leasing Fourteen Pte. Ltd. |
| NAC Aviation 15 Limited | Nordic Aviation Leasing Nine Pte. Ltd. |
| NAC Aviation 16 Limited | Nordic Aviation Leasing Nineteen Pte. Ltd. |
| NAC Aviation 18 Limited | Nordic Aviation Leasing Pte. Ltd. |
| NAC Aviation 19 Limited | Nordic Aviation Leasing Seven Pte. Ltd. |
| NAC Aviation 2 A/S | Nordic Aviation Leasing Seventeen Pte. Ltd. |
| NAC Aviation 2 Limited | Nordic Aviation Leasing Six Pte. Ltd. |
| NAC Aviation 21 Limited | Nordic Aviation Leasing Sixteen Pte. Ltd. |
| NAC Aviation 22 Limited | Nordic Aviation Leasing Twelve Pte. Ltd. |
| NAC Aviation 23 Limited | Nordic Aviation Leasing Twenty Eight Pte. Ltd. |
| NAC Aviation 24 Limited | Nordic Aviation Leasing Twenty Five Pte. Ltd. |
| NAC Aviation 25 Limited | Nordic Aviation Leasing Twenty Four Pte. Ltd. |
| NAC Aviation 26 Limited | Nordic Aviation Leasing Twenty Nine Pte. Ltd. |
| NAC Aviation 27 Limited | Nordic Aviation Leasing Twenty One Pte. Ltd. |
| NAC Aviation 28 Limited | Nordic Aviation Leasing Twenty Pte. Ltd. |
| NAC Aviation 29 Designated Activity Company | Nordic Aviation Leasing Twenty Seven Pte. Ltd. |
| NAC Aviation 3 A/S | Nordic Aviation Leasing Twenty Three Pte. Ltd. |
| NAC Aviation 3 Limited | Nordic Aviation Leasing Twenty Two Pte. Ltd. |
| NAC Aviation 30 Limited | Nordic Aviation Leasing Two Pte. Ltd. |
| NAC Aviation 31 Limited | Nordic Aviation Services Limited |
| NAC Aviation 32 Limited | Nordic Aviation Services US, LLC |
| NAC Aviation 33 Limited | Tiradentes Portfolio A Limited |
| NAC Aviation 34 Limited | Tiradentes Portfolio B Limited |
| NAC Aviation 35 Limited | Tiradentes Portfolio C Limited |
| NAC Aviation 36 Limited | Tiradentes Portfolio D Limited |
| NAC Aviation 4 Limited | Tyche Aviation Designated Activity Company |
| NAC Aviation 6 Limited | Tyche Aviation Holding Limited |
| NAC Aviation 7 Limited | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORDIC AVIATION CAPITAL INC., | ) Case No. 21-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage Held |
|---|---|---|---|
| Nordic Aviation Capital Inc. | Jetscape Aviation Group, LLC | 401 East Las Olas Boulevard, Suite 1700 Fort Lauderdale, Florida 33301, United States of America | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORDIC AVIATION CAPITAL INC., | ) | Case No. 21-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Jetscape Aviation Group, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name _Nordic Aviation Capital Designated Activity Company_

United States Bankruptcy Court for the: _____ Eastern District of Virginia

Case number (*If known*): _____                    (State)

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | PFA Pension, forsikringsaktieselskab Sundkrogsgade 4 2100 Copenhagen Denmark | Attention: Lars Hougaard Phone: +45-39175000 Email: LHR@pfa.dk | Unsecured Notes | | | | $522,971,303 |
| 2 | Alitalia - Società Aerea Italiana S.p.A. Via A. Nassetti, Bldg Alfa Fiumicino, Rome 00054 Italy | Attention: Attorneys Luigi Farenga, Francesco Astone and Valerio Di Gravio Email: luigi.farenga@unipg.it, francesco.astone@astoneassociati.it, valerio.digravio@studiodigravio.com | Litigation | Contingent, Disputed | | | $2,321,047 |
| 3 | MTU Aero Engines AG Dachauer Str. 665 80995 München Germany | Attention: Matthias Klepsch Phone: +49 89 1489-0 Email: Matthias.KLEPSCH@mtu.de | Trade Vendor | Unliquidated | | | $1,423,000 |
| 4 | Pratt & Whitney Canada (SEA) Pte Ltd 10 Loyang Crescent 509010 Singapore | Attention: Linda Tan Email: Linda.Tan@pwc.ca | Trade Vendor | Unliquidated | | | $1,200,000 |
| 5 | Titan International Finance Ltd 788-790 Finchley Road London NW11 7TJ United Kingdom | Attn: c/o Kevin J. Johnson, Fafinski Mark & Johnson, P.A. Phone: (952) 995-9576 Email: kevin.johnson@fmjlaw.com | Trade Vendor | | | | $1,086,100 |
| 6 | Pratt and Whitney Canada 1000 Marie-Victorin Longueil, QC, J4G 1A1 Canada | Attention: Firas Hussein Phone: +65 97399765 Email: firas.hussein@pwc.ca | Trade Vendor | Unliquidated | | | $1,000,432 |
| 7 | De Havilland Aircraft of Canada Ltd 123 Garratt Blvd Toronto, Ontario, M3K 1Y5 Canada | Attention: Murahary Golla Phone: +4153754179 Email: murahary.golla@dehavilland.com | Trade Vendor | | | | $530,260 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 8 | Skyservice FBO 6120 Midfield Road Mississauga, ON, L5P 1B1 Canada | Attention: Pedro Carvalho Phone: +1 647 200 7534 Email: pedro_carvalho@skyservice.com | Trade Vendor | Unliquidated | | | $419,000 |
| 9 | Lufthansa Technik AERO Alzey Weg beim Jäger 193 22335, Hamburg Germany | Attention: Katrin Bommersheim Phone: +49 6731 4970 Email: katrin.bommersheim@lhaero.com | Trade Vendor | Unliquidated | | | $375,400 |
| 10 | APD Airplane Delivery 135 Avenue Des Comminges 31270, Cugnaux France | Attention: Jessica Clemencon Phone: +33 6 42 91 69 41 Email: jcu@airplane.aero | Trade Vendor | | | | $268,480 |
| 11 | Coopersa RL 300 Metros Oeste Del Aeropuerto International Juan Santamaria, Alajuela Costa Rica | Attention: Alberto Zuniga Phone: 50624372824 Email: azuniga@coopesa.com | Trade Vendor | Unliquidated | | | $250,000 |
| 12 | Rheinland Air Services GmbH Flughafenstrasse 31 41066, Mönchengladbach Germany | Attention: Detlef Flintz Phone: +49 178 2550 218 Email: d.flintz@ras.de | Trade Vendor | Unliquidated | | | $240,000 |
| 13 | Wojskowe Zakłady Lotnicze Nr 2 S.A. ul. Szubińska 107 85-915, Bydgoszcz Poland | Attention: Robert Grochowski Phone: +48 695 894 871 Email: r.grochowski@wzl2.mil.pl | Trade Vendor | Unliquidated | | | $220,000 |
| 14 | SAMCO Aircraft Maintenance BV Horsterweg 19 6199 AC Maastricht Airport The Netherlands | Attention: Andre Velda Phone: +31(0) 650243228 Email: velda.a@samco.aero | Trade Vendor | | | | $197,369 |
| 15 | Maastricht Aviation Aircraft Services BV Horsterweg 25 6199 AC Maastricht Netherlands | Phone: +353 1 2541966 Email: apmaasus@maasaviation.com | Trade Vendor | | | | $171,951 |
| 16 | Focus.Aero Aps Hørrelundvej 4 8653 Them Denmark | Attention: Tolja Henningsen Phone: +45 29866555 Email: th@focus.aero | Trade Vendor | Unliquidated | | | $159,750 |
| 17 | Air Philippines Corporation Admin. Builidng, PAL Gate 1, Andrews Avenue Pasay City, Manila 1300 Philippines | Attention: Joseph Eli Tan Phone: +63 977 807 2695 Email: josepheli_tan@pal.com.ph | Trade Vendor | Unliquidated | | | $120,000 |
| 18 | Park Aviation Limited Unit 2.1, Block 2, Woodford Business Park Santry, Dublin D17 E925 Ireland | Attention: Niall Duggan Phone: +353 87 067 0819 Email: niall.duggan@cae.com | Trade Vendor | | | | $118,000 |
| 19 | DIRECT MAINTENANCE BV Fokkerweg 195 1438BG, Oude Meer The Netherlands | Attention: Victoria Goodenough Phone: + 31 6 19 73 26 09 Email: victoria.goodenough@directmaintenance.aero | Trade Vendor | Unliquidated | | | $70,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 20 | StandardAero France 1 Boulevard du 19 mars 1962 95500 Gonesse Cedex France | Attention: Worhiya Diallo Phone: +33 (0)130185377 Email: Worhiya.Diallo@StandardAero.com | Trade Vendor | Unliquidated | | | $59,000 |
| 21 | Magnetic MRO AS Väike-Sõjamäe 1a 11415, Tallinn Estonia | Attention: Kaspars Podins Phone: +37253627107 Email: kaspars.podins@magneticmro.com | Trade Vendor | Unliquidated | | | $56,387 |
| 22 | Azerbaijan Airline Heydar Aliyev International Airport Baku, AZ 1044 Azerbaijan | Attention: Aladdin Guliyev Phone: +99 412 497 26 00 Email: Aladdin.Guliyev@airport.az | Trade Vendor | Unliquidated | | | $50,000 |
| 23 | Avions De Transport Regional G.I.E. 1, Allée Pierre Nadot 31712, Blagnac Cedex France | Attention: Barbara Moreau Phone: +33 (0)6 15 07 86 03 Email: Barbara.moreau@atr-aircraft.com | Trade Vendor | Unliquidated | | | $50,000 |
| 24 | Fokker Services Asia Pte. Ltd. 1800 West Camp Road, Seletar Aerospace Park Singapore, 797521 Singapore | Attention: Eric Lim Phone: +65 9818 5741 Email: eric.lim@fokker.com | Trade Vendor | Unliquidated | | | $48,000 |
| 25 | PT Tobe Aviasi Indonesia TMB Aviation Green Office Park One, 6th Floor, Suite 620 BSD City, Tangerang, 15345 Indonesia | Attention: Tommy Wibowo Phone: +62 818 988 731 Email: tommy.wibowo@tbmaviation.com | Trade Vendor | Unliquidated | | | $44,000 |
| 26 | Ascent Aviation Services, LLC 7001 S Park Ave Tucson, AZ 85756 United States | Attention: Mike Scott Phone: +1(520) 429-8011 Email: mscott@ascentmro.com | Trade Vendor | | | | $42,098 |
| 27 | Honeywell International Inc 23500 W 105TH STREET OLATHE, KS 66061 United States | Phone: 1 (877) 841-2840 Email: honeywell.accounts.payable@honeywell.com | Trade Vendor | | | | $42,000 |
| 28 | PT Gapura Angkasa Gedung DAPENRA Lt.1-3 Jl. Angkasa Blok B12 Kav.8, Kotabaru Bandar Kemayoran Jakarta Pusat – 10610, Indonesia | Attention: Ariyo Tri Wulandaru Phone: +62 8123985334 Email: ariyotw@gapura.id | Trade Vendor | Unliquidated | | | $39,000 |
| 29 | Embraer Aircraft Maintenance Services 150 East Drive Macon, GA 31216 United States | Attention: Neal Reagor Phone: +1 615 399 6124 Email: nreagor@embraer.net.br | Trade Vendor | Unliquidated | | | $33,900 |
| 30 | SkyOn Aeroengineering Transv 75# 83C-03, Bogota Colombia | Attention: Camilo Vanegs Phone: +57 317 4330576 Email: camilo.vanegas@skyon.com.co | Trade Vendor | Unliquidated | | | $25,900 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Nordic Aviation Capital Inc.** |
| United States Bankruptcy Court for the: | Eastern District of Virginia |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **12/19/2021** | ☒ */s/ Justin Bickle* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Justin Bickle** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS, MANAGERS,**
**OR SIMILAR GOVERNING BODY, AS APPLICABLE, OF EACH OF**
**THE COMPANIES SET FORTH ON EXHIBIT A ATTACHED HERETO**

**DECEMBER 16, 2021**

We, the undersigned, are the requisite members of the board of directors, managers, or similar governing body (each, an "**Authorizing Body**" and, collectively, the "**Authorizing Bodies**") of Nordic Aviation Capital Designated Activity Company, an Irish company ("**NAC DAC**") and certain of the NAC DAC's subsidiaries set forth on <u>**Exhibit A**</u> attached hereto (each a "**Subsidiary**" and, collectively, the "**Subsidiaries**"), each organized and existing under the internal laws of the state of incorporation or formation, as applicable, set forth opposite each Subsidiary's name on <u>**Exhibit A**</u>.  Each Authorizing Body, as approved at the joint meeting of the Authorizing Bodies held on December 16, 2021, hereby take the following actions and adopt the following resolutions by unanimous written consent pursuant to each Subsidiary's bylaws, limited liability company agreement or such similar operating document and the applicable laws of the state of incorporation or formation, as applicable, of each Subsidiary.

1.    **Resolutions.**

Whereas, the Authorizing Bodies, having reviewed and considered (i) the entry into that certain restructuring support agreement (together with all exhibits and schedules thereto, as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**Restructuring Support Agreement**"); (ii) the entry into that certain backstop commitment agreement (the "**Backstop Agreement**") through which ordinary shares will be issued pursuant to the terms set forth therein; (iii) the filing of a voluntary petition for relief for each Subsidiary under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**") pursuant to applicable law and in accordance with the requirements of each Subsidiaries' governing documents and applicable law (the "**Restructuring Matters**"); and (iv) to the extent applicable, authorizing entry into and performance under the DIP Facility Documents and the Exit Facility Documents, each as defined herein,

Whereas, the Authorizing Bodies having reviewed and considered the materials presented by the management of the Subsidiaries and the Subsidiaries' financial and legal advisors, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Subsidiaries, therefore **RESOLVED THAT:**

**Restructuring Support Agreement.**

1.1    In the judgment of the Authorizing Bodies it is desirable and in the best interest of the Subsidiaries, their stakeholders, their creditors, and other parties in interest, that each Subsidiary enter into the Restructuring Support Agreement by and among the Subsidiaries, certain of their affiliates, and the Consenting Creditors (as defined in the Restructuring Support Agreement) substantially in the form presented to the Authorizing Bodies on or prior to the date hereof, and that the Subsidiaries' performance of its oblgations under the Restructuring Support Agreement, and all other exhibits, schedules, attachments, and ancillary documents related thereto, hereby is, in all respects, authorized and approved; and

1.2    Any director or other duly appointed officer of the Subsidiaries or of NAC DAC (collectively, the "**Authorized Persons**") shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Subsidiary to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) necessary or advisable to finalize the Restructuring Support Agreement, to enter into and perform under the Restructuring Support Agreement, and the transactions contemplated thereunder that, in the judgment of the applicable Authorized Person, are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of any such action or execution thereof).

**Backstop Agreement.**

1.3    In the judgment of the Authorizing Bodies it is desirable and in the best interest of the Subsidiaries, their stakeholders, their creditors, and other parties in interest, that each Subsidiary enter into the Backstop Agreement by and among NAC DAC, certain of its subsidiaries, and the Commitment Parties (as defined in the Backstop Agreement) substantially in the form presented to the Authorizing Bodies on or prior to the date hereof, and that the Subsidiaries' performance of its oblgations under the Backstop Agreement, and all other exhibits, schedules, attachments, and ancillary documents related thereto, hereby is, in all respects, authorized and approved; and

1.4    Any Authorized Persons be, and each of them individually hereby is, authorized and directed for and on behalf of each Subsidiary to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) necessary or advisable to finalize the Backstop Agreement, to enter into and perform under the Backstop Agreement, and the transactions contemplated thereunder that, in the judgment of the applicable Authorized Person, are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of any such action or execution thereof).

**Chapter 11 Filing.**

1.5    In the judgment of the Authorizing Bodies it is desirable and in the best interest of the Subsidiaries, the stakeholders, the creditors, and other parties in interest, that Subsidiary files or causes to be filed voluntary petitions for relief (the "**Bankruptcy Petitions**") under the provisions of chapter 11 of the Bankruptcy Code and, in accordance with the requirements in each Subsidiary's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions; and

1.6    Any Authorized Persons be, and hereby are, authorized and appointed to act as signatory and attorney on behalf of each Subsidiary in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each Subsidiary all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Subsidiary's or any of its subsidiary's businesses.

**Retention of Professionals.**

1.7    Each of the Authorized Persons, be, and hereby are, authorized, empowered, and directed to employ on behalf of each Subsidiary:  (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel; (ii) the law firm of Kutak Rock LLP as co-bankruptcy counsel; (iii) the law firm of Clifford Chance LLP as co-corporate counsel; (iv) the law firm of William Fry LLP as co-corporate counsel; (v) the law firm of Gorrissen Federspiel as co-corporate counsel; (vi) N.M. Rothschild & Sons Limited as financial advisor; (vii) Ernst & Young LLP as restructuring and tax advisor; (viii) PricewaterhouseCoopers LLP as tax and accounting advisors; (ix) Epiq Corporate Restructuring, LLC as notice and claims agent; and (x) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Subsidiaries in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

1.8    Each of the Authorized Persons, be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the

Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

**Use of Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection.**

1.9     To the extent applicable to the Subsidiaries, in the judgment of the Authorizing Bodies it is desirable and in the best interest of the Subsidiaries, its stakeholders, its creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("**Cash Collateral**"), which is security for certain of the Subsidiaries' prepetition secured lenders (the **"Prepetition Secured Lenders"**) under certain credit facilities by and among the Subsidiaries, the guarantors party thereto, and the lenders party thereto; and (ii) the incurrence of debtor-in-possession financing obligations ("**DIP Financing**") by entering into that certain Superpriority Senior Secured Debtor-in-Possession Credit Agreement (the "**DIP Credit Agreement**") by and among NAC DAC, certain of the Subsidiaries, the financial institutions from time to time party thereto and their successors and assigns (collectively the "**DIP Lenders**"), Wilmington Trust, National Association in its capacity as agent for the DIP Lenders (in such capacity and together with any successor or assigns, the "**DIP Agent**") on the terms set forth in that certain commitment letter (the "**DIP Commitment Letter**") by and among NAC DAC, certain of its subsidiaries, and the Commitment Parties (as defined in the DIP Commitment Letter);

1.10    In order to use and obtain the benefits of DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Subsidiary will provide certain adequate protection to the Prepetition Secured Lenders (the "**Adequate Protection Obligations**") as documented in proposed interim and final orders (collectively, the "**Financing Orders**") to be submitted for approval of the Bankruptcy Court, and, to the extent that each Subsidiary is required to obtain consent from the Prepetition Secured Lenders to enter into any of the DIP Facility Documents, as defined herein, such consent has been (or will be) obtained from the Consenting Creditors under the Restructuring Support Agreement or otherwise;

1.11    In the judgment of the Authorizing Bodies, the form, terms, and provisions of each of the instruments and documents listed below (collectively, the "**DIP Facility Documents**"), substantially in the forms circulated to the Authorizing Bodies, and each Subsidiary's execution, delivery and performance of its obligations under the DIP Facility Documents, including without limitation the grant of security interests under the DIP Facility Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

1.11.1    the DIP Commitment Letter;

1.11.2    the DIP Credit Agreement;

1.11.3    any promissory note executed by the Subsidiaries in connection with the DIP Credit Agreement;

1.11.4    the Loan Guaranty (as defined in the DIP Credit Agreement) and any other guarantee in connection with the DIP Credit Agreement;

1.11.5    the Security Agreement (as defined in the DIP Credit Agreement) and any other security agreement or pledge agreement in connection with the DIP Credit Agreement;

1.11.6    an Irish law-governed debenture in favour of the DIP Agent;

1.11.7    the Financing Orders; and

1.11.8    all other certificates, instruments and documents executed or delivered to or in favor of any of the DIP Lenders or the DIP Agent in connection with the loans made and

transactions contemplated under the DIP Credit Agreement, as the same may be amended, supplemented or replaced from the time to time;

1.12   To the extent applicable, the Companies shall be, and is hereby, authorized to enter into the DIP Facility Documents and incur the obligations thereunder (the "**DIP Obligations**"), and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Subsidiary to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Facility Documents in the name and on behalf of each Subsidiary, with such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

1.13   Each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Subsidiary, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of each Subsidiary, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

1.14   Each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Subsidiary, to enter into any guarantees as described or contemplated by the DIP Facility Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Facility Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the Companies and any other guarantor thereunder;

1.15   Each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Subsidiary to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the Financing Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Subsidiary, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the chapter 11 case, which agreements may require the Companies to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

1.16   Each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, each Subsidiary to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Facility Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which each Subsidiary is or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Facility Documents and the Financing Orders, collectively, the "**Financing Documents**") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

1.17   The Companies, as debtors and debtors-in-possession under the Bankruptcy Code be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated

under the Financing Documents, including granting liens on its assets to secure such obligations; and

1.18    Each of the Authorized Persons, be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Subsidiary, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

**Exit Financing.**

1.19    In the judgment of the Authorizing Bodies, it is desirable and in the best interest of the Companies, the stakeholders, and the creditors, that the Companies and certain of their subsidiaries and/or affiliates enter into a certain credit agreement (the "**Exit Facility Underwriting Agreement**") in connection with an exit facility upon emergence from their chapter 11 cases (the "**Exit Facility**") and grant security interests and/or guarantees in relation thereto;

1.20    To the extent that the Companies are required to obtain consent from the Prepetition Secured Lenders to enter into any of the Exit Facility Documents, as defined herein, such consent has been (or will be) obtained from the Consenting Creditors under the Restructuring Support Agreement or otherwise;

1.21    To the extent applicable, the Companies, by entering into the Exit Facility, will receive direct and indirect benefits from the transactions contemplated by the Exit Facility Underwriting Agreement, the terms and conditions of which were negotiated in a prepetition Exit Facility Term Sheet, as defined in the Restructuring Support Agreement, and have been previously reviewed by the Authorizing Bodies and consequently, each Subsidiary desires to enter into (i) the Exit Facility Underwriting Agreement, (ii) any related documents, and (iii) to the extent the Companies are parties thereto, the Exit Facility Underwriting Agreement, and all other agreements, documents, and instruments executed or delivered in connection with the Exit Facility, including any guarantee agreements, notes, pledge and collateral agreements, intercreditor agreements, subordination agreements, fee letters, other security documents, and any other documentation necessary to effectuate the Exit Facility (such documents collectively, the "**Exit Facility Documents**") and the transactions contemplated thereby;

1.22    To the extent applicable, the Authorizing Bodies deem the execution and delivery of the Exit Facility Documents and the transactions consummated thereby, to be desirable, advisable, and in the best interests of the Companies;

1.23    In the judgment of the Authorizing Bodies, the execution and delivery of the Exit Facility Documents (and the incurrence of the obligations thereunder) by the Companies, in the forms substantially consistent with the Exit Facility Term Sheet provided to the Authorizing Bodies, and the consummation of the transactions contemplated thereunder by the Companies, including (i) execution, delivery, and performance of all other agreements, instruments, documents, notices, or certificates constituting exhibits to or that may be required, necessary, appropriate, desirable, or advisable to be executed pursuant to the Exit Facility Documents or otherwise permitted thereunder or related thereto, including interest rate, currency, or commodity hedging arrangements (each, an "**Additional Credit Document**" and collectively, the "**Additional Credit Documents**"), (ii) any granting of security interests and/or guarantees in relation thereto, and (iii) the making of representations and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved;

1.24    As used herein, the term "**Additional Credit Documents**" shall include, but is not be limited to, any intercreditor agreements and all other documents, certificates, or agreements necessary, proper, or advisable to consummate the transactions contemplated by the Exit Facility Documents, including, without limitation, any note, fee letter, guarantee agreement,

security agreement, mortgage, pledge, intellectual property security interest agreement, intellectual property security agreement, or other documentation similar to any of the foregoing; and

1.25   Each of the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Subsidiary to take all actions including, without limitation, (i) the negotiation, execution, delivery, and filing of any agreements, certificates, instruments, or documents (including mortgages, financing statements, and similar documents), (ii) the modification, restatement, or amendment of any of the terms and conditions of any Exit Facility Document, (iii) the payment of any consideration, and (iv) the payment of indemnitees, fees, costs, expenses, and taxes as any such Authorized Person, in his or her sole discretion, may deem necessary, appropriate, or advisable in order to effectuate the transactions contemplated under any Exit Facility Document, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects.

**Further Actions and Prior Actions.**

1.26   The Subsidiaries are hereby authorized to authorize (and each Subsidiary hereby authorizes) any direct or indirect subsidiary of each Subsidiary or any entity of which such Subsidiary or any subsidiary of such Subsidiary is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Subsidiary's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law).

1.27   In addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Subsidiary's governing documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Subsidiary relating to the Restructuring Matters.

1.28   Each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Subsidiary, to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein.

1.29   The Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of each Subsidiary, or hereby waives any right to have received such notice.

1.30   All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Subsidiary, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Subsidiary with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Authorizing Bodies.

1.1   Any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Subsidiary itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements,

certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Subsidiaries listed on
<u>Schedule 1</u>

Jette Hulgaard

Morten Mikkelsen

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Board of Directors of the Subsidiaries listed on
<u>Schedule 1</u>

_____
Jette Hulgaard


Morten Mikkelsen

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 8 LIMITED, being the Sole
Member of each Subsidiary listed on Schedule 3

By: _____
Name:  Tom Turley
Title:    Director

By: _____
Name:  Elaine Kirby
Title:    Director


By: _____
Name:  Jame Donath
Title:    Director


By: _____
Name:  Tony Horton
Title:    Director


By: _____
Name:  Justin Bickle
Title:    Director


By: _____
Name:  Martin Cooke
Title:    Director


By: _____
Name:  Paul O'Donnell
Title:    Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 8 LIMITED, being the Sole
Member of each Subsidiary listed on Schedule 3

By: _____
Name:  Tom Turley
Title:   Director

By: _____
Name:  Elaine Kirby
Title:   Director

By: _____
Name:  Jame Donath
Title:   Director

By: _____
Name:  Tony Horton
Title:   Director

By: _____
Name:  Justin Bickle
Title:   Director

By: _____
Name:  Martin Cooke
Title:   Director

By: _____
Name:  Paul O'Donnell
Title:   Director

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 8 LIMITED, being the Sole
Member of each Subsidiary listed on <u>Schedule 3</u>


By: _____
Name:  Tom Turley
Title:    Director


By: _____
Name:  Elaine Kirby
Title:    Director


By: _____
Name:  Jame Donath
Title:    Director

By: _____
Name:  Tony Horton
Title:    Director


By: _____
Name:  Justin Bickle
Title:    Director


By: _____
Name:  Martin Cooke
Title:    Director


By: _____
Name:  Paul O'Donnell
Title:    Director


*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 8 LIMITED, being the Sole
Member of each Subsidiary listed on <u>Schedule 3</u>

By: _____
Name:  Tom Turley
Title:    Director

By: _____
Name:  Elaine Kirby
Title:    Director

By: _____
Name:  Jame Donath
Title:    Director

By: _____
Name:  Tony Horton
Title:    Director

By: _____
Name:  Justin Bickle
Title:    Director

By: _____
Name:  Martin Cooke
Title:    Director

By: _____
Name:  Paul O'Donnell
Title:    Director

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 8 LIMITED, being the Sole
Member of each Subsidiary listed on Schedule 3

By: _____
Name:  Tom Turley
Title:     Director


By: _____
Name:  Elaine Kirby
Title:     Director


By: _____
Name:  Jame Donath
Title:     Director


By: _____
Name:  Tony Horton
Title:     Director


By: _____
Name:  Justin Bickle
Title:     Director

By: *Martin Cooke*_____
Name:  Martin Cooke
Title:     Director


By: _____
Name:  Paul O'Donnell
Title:     Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 8 LIMITED, being the Sole
Member of each Subsidiary listed on <u>Schedule 3</u>


By: _____
Name:  Tom Turley
Title:    Director


By: _____
Name:  Elaine Kirby
Title:    Director


By: _____
Name:  Jame Donath
Title:    Director


By: _____
Name:  Tony Horton
Title:    Director


By: _____
Name:  Justin Bickle
Title:    Director


By: _____
Name:  Martin Cooke
Title:    Director


By: _____
Name:  Paul O'Donnell
Title:    Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 25 LIMITED, being the Sole
Member of each Subsidiary listed on <u>Schedule 4</u>

By: _____
Name:   Tom Turley
Title:    Director

By: _____
Name:   Elaine Kirby
Title:    Director


By: _____
Name:   Jame Donath
Title:    Director


By: _____
Name:   Tony Horton
Title:    Director


By: _____
Name:   Justin Bickle
Title:    Director


By: _____
Name:   Martin Cooke
Title:    Director


By: _____
Name:   Paul O'Donnell
Title:    Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 25 LIMITED, being the Sole
Member of each Subsidiary listed on Schedule 4

By: _____
Name:  Tom Turley
Title:    Director

By: _____
Name:  Elaine Kirby
Title:    Director

By: _____
Name:  Jame Donath
Title:    Director

By: _____
Name:  Tony Horton
Title:    Director

By: _____
Name:  Justin Bickle
Title:    Director

By: _____
Name:  Martin Cooke
Title:    Director

By: _____
Name:  Paul O'Donnell
Title:    Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 25 LIMITED, being the Sole
Member of each Subsidiary listed on <u>Schedule 4</u>

By: _____
Name:  Tom Turley
Title:    Director


By: _____
Name:  Elaine Kirby
Title:    Director


By: _____
Name:  Jame Donath
Title:    Director

By: _____
Name:  Tony Horton
Title:    Director


By: _____
Name:  Justin Bickle
Title:    Director


By: _____
Name:  Martin Cooke
Title:    Director


By: _____
Name:  Paul O'Donnell
Title:    Director

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 25 LIMITED, being the Sole
Member of each Subsidiary listed on Schedule 4

By: _____
Name:  Tom Turley
Title:    Director

By: _____
Name:  Elaine Kirby
Title:    Director

By: _____
Name:  Jame Donath
Title:    Director

By: _____
Name:  Tony Horton
Title:    Director

By: _____
Name:  Justin Bickle
Title:    Director

By: _____
Name:  Martin Cooke
Title:    Director

By: _____
Name:  Paul O'Donnell
Title:    Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 25 LIMITED, being the Sole
Member of each Subsidiary listed on Schedule 4

By: _____
Name:  Tom Turley
Title:    Director


By: _____
Name:  Elaine Kirby
Title:    Director


By: _____
Name:  Jame Donath
Title:    Director


By: _____
Name:  Tony Horton
Title:    Director


By: _____
Name:  Justin Bickle
Title:    Director


By: *Martin Cooke*
Name:  Martin Cooke
Title:    Director


By: _____
Name:  Paul O'Donnell
Title:    Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NAC AVIATION 25 LIMITED, being the Sole
Member of each Subsidiary listed on Schedule 4


By: _____
Name:  Tom Turley
Title:    Director


By: _____
Name:  Elaine Kirby
Title:    Director


By: _____
Name:  Jame Donath
Title:    Director


By: _____
Name:  Tony Horton
Title:    Director


By: _____
Name:  Justin Bickle
Title:    Director


By: _____
Name:  Martin Cooke
Title:    Director


By: _____
Name:  Paul O'Donnell
Title:    Director


*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NORDIC AVIATION CAPITAL INC., being the
Manager of each Subsidiary listed on <u>Schedule 5</u>

By: _____
Name:   Jette Hulgaard
Title:     Director


By: _____
Name:   Morten Mikkelsen
Title:     Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

NORDIC AVIATION CAPITAL INC., being the
Manager of each Subsidiary listed on Schedule 5

By: _____
Name:  Jette Hulgaard
Title:    Director

By: _____
Name:  Morten Mikkelsen
Title:    Director

*[Signature Page to Omnibus Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

JETSCAPE AVIATION GROUP LIMITED, being the
Manager of the Subsidiary listed on Schedule 7

By: _____
Name:  Tom Turley
Title:    Director


By: _____
Name:  Philip Bolger
Title:    Director

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

JETSCAPE AVIATION GROUP LIMITED, being the
Manager of the Subsidiary listed on <u>Schedule 7</u>

By: _____
Name:   Tom Turley
Title:     Director

By: _____
Name:   Philip Bolger
Title:     Director

## Schedule 1

**Board of Directors:  Jette Hulgaard, Morten Mikkelsen**

| Subsidiary | Jurisdiction |
|---|---|
| Jetscape, Inc. | Delaware |
| Nordic Aviation Capital Inc. | Florida |

## Schedule 2

**RESERVED**

## Schedule 3

**Sole Member:  NAC Aviation 8 Limited**

| Subsidiary | Jurisdiction |
|---|---|
| ALC ATR 426 1012, LLC | Delaware |
| ALC ATR 426 1018, LLC | Delaware |
| ALC ATR 726 1086, LLC | Delaware |
| ALC ATR 726 1103, LLC | Delaware |
| ALC ATR 726 1112, LLC | Delaware |

## Schedule 4

**Sole Member:  NAC Aviation 25 Limited**

| Subsidiary | Jurisdiction |
|---|---|
| NAC Aviation Colorado 1 LLC | Colorado |
| NAC Aviation Colorado 2 LLC | Colorado |

## Schedule 5

**Manager:  Nordic Aviation Capital Inc.**

| Subsidiary | Jurisdiction |
|---|---|
| JAG VIII LLC | Florida |
| NAC Aviation US LLC | Florida |
| Nordic Aviation Services US, LLC | Delaware |

## Schedule 6

**RESERVED**

## Schedule 7

**Manager:  Jetscape Aviation Group Ltd.**

| Subsidiary | Jurisdiction |
|---|---|
| Jetscape Aviation Group LLC | Florida |